**Bufford Lenell McDONALD, alias
Joe McDonald, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48408.**

Court of Criminal Appeals of Texas.

July 10, 1974.

Rehearing Denied Sept. 18, 1974.

Harold D. Sanderson, Amarillo, for appellant.

Tom Hamilton, Dist. Atty., Plainview, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for sodomy wherein the punishment was assessed by the jury at fifteen (15) years.

Appellant has filed pro se briefs asserting some nineteen grounds of error.[1]

■ Initially, appellant contends his warrantless arrest was without probable cause. It appears from the record that the arrest, some eight days after the alleged offense, was made without a warrant after the arresting officer had talked to some young boys. There were no confession or fruits of any search incident to arrest introduced. We find no reversible error.

■ Next, appellant complains that he was not accorded an examining trial as required by Article 15.17, Vernon's Ann. C.C.P.

The State points out in its brief that the record reflects the original complaint filed alleging sodomy involved another com-

---

1. Appellant, represented by court-appointed counsel at trial, asked the discharge of his counsel following trial though acknowledging his effectiveness. Though it appears the indigent appellant voluntarily and knowingly waived the right to counsel on appeal, the trial court appointed appellate counsel to advise and assist appellant on appeal, which aid and assistance appellant has acknowledged. Appellate counsel has also filed a brief adopting the pro se briefs and elaborating on the same.

plaining witness, Tony J——, for which offense appellant was subsequently indicted. After such complaining witness moved out of town, the State sought the instant indictment directly from the grand jury without filing a complaint in a Justice of the Peace Court. In Brown v. State, 475 S.W.2d 938 (Tex.Cr.App.1971), this court held that the return of an indictment terminates any right to an examining trial. See Article 16.01, Vernon's Ann.C.C.P., and Harris v. State, 457 S.W.2d 903, 907 (Tex.Cr.App.1970), and cases there cited. Once an indictment, a true bill, has been presented or returned by a grand jury, the principal purpose and justification for such preliminary hearing has been satisfied.

The indictment, omitting the formal part, alleged that on or about September 12, 1971, appellant did "use his mouth on the sexual parts of another human being, to wit, Clemente ————, for the purpose of having carnal copulation . . . ."

The record reflects that on Saturday, September 11, 1971, Clemente ————, his brother, Luis, and a friend, Tony ————, went to the movie theater across the street from the courthouse in Dimmitt. While at the theater, they met appellant, who gave each of them a dime with which to buy candy. After purchasing the candy, the boys went in to watch the movie and appellant sat with Clemente.

The next day, Sunday, September 12th, the three boys went to a hotel across the street from the courthouse. When they arrived, appellant was watching television. At approximately 3 to 3:30 p.m. Clemente went to Room 12 with appellant. While there, appellant gave Clemente a dollar, had him get on the bed, removed his pants, and placed his mouth on Clemente's penis.

■ Appellant challenges the sufficiency of the evidence to sustain the conviction on several grounds. Among them is the complaint, as we understand it, that the complaining witness' testimony failed to identify him as the perpetrator of the offense, was vague, indefinite and uncertain. The record reflects that Clemente testified:

"Q Now, are you acquainted—do you know Buddy McDonald?

"A Yes.

"Q Is that the man sitting right over here?

"A Yes."

Thereafter, he referred to the man who had committed the offense simply as "Buddy." While the interrogation above, standing alone, leaves open to argument whether the man identified was in fact the appellant—other witnesses offered by the State clearly identified the appellant and testified he was known as Buddy McDonald. The jurors were judges of the facts, the credibility of witnesses, etc., and we cannot say the evidence is insufficient on the ground urged.

■ Appellant also urges that the evidence is insufficient to sustain the conviction since it was not shown that the complaining witness' sexual organ penetrated his (appellant's) mouth.

In Sinclair v. State, 166 Tex.Cr.R. 167, 311 S.W.2d 824 (1958), this court held that penetration of the mouth is not an essential element of the offense of use of the mouth on the sexual parts of another human being for the purpose of having carnal copulation as proscribed by Article 524, Vernon's Ann.P.C. It was noted that use of the mouth on the sexual parts of another for the purpose of carnal copulation is sufficient to sustain a conviction for sodomy.

The complaining witness testified that appellant placed his mouth "on" his (the witness') penis. Such evidence was suffi-

cient under the statute to sustain the conviction.[2]

Appellant also complains that the court fundamentally erred in defining carnal copulation in the charge as requiring that " . . . the male sexual organ must be shown to have penetrated the mouth of the defendant . . . ."

There was no objection to the charge, nor was there a special requested charge. As noted above, penetration was not required, and the charge was more favorable than that to which the appellant was entitled. The jury having, under all the evidence, resolved the issue against him, appellant is not in a position to complain now.

■ Appellant also challenges the constitutionality of Article 524, Vernon's Ann.P.C. We have previously held the statute constitutional. . Pruett v. State, 463 S.W.2d 191 (Tex.Cr.App.1970), appeal dismissed for want of a substantial question, Pruett v. Texas, 402 U.S. 902, 91 S.Ct. 1379, 28 L.Ed.2d 643 (1971); Buchanan v. State, 471 S.W.2d 401 (Tex.Cr.App.1971), cert. denied, Buchanan v. Texas, 405 U.S. 930, 92 S.Ct. 984, 30 L.Ed.2d 804 (1972); Everette v. State, 465 S.W.2d 162 (Tex. Cr.App.1971). We adhere to such decisions.

■ Appellant also urges the court's charge was incorrect because it failed to allege a specific date therein for the commission of the offense, using instead the "on or about the 12th day of September, 1971" allegation in the indictment.

It is well settled under Article 21.02, Sec. 6, Vernon's Ann.C.C.P., that the State is not bound by the date on or about which the offense is alleged to have been committed, but a conviction may be had upon proof that the offense was committed any time

prior to the return of the indictment that is within the period of limitation. Glenn v. State, 436 S.W.2d 344 (Tex.Cr.App.1969).

The evidence here showed the offense occurred on September 12, 1971, and was sufficient to show it was committed prior to the presentment of the indictment and was within the period of limitation.

The court's charge was not incorrect.

■ Although the court submitted the fact issue to the jury as to whether the complaining witness was an accomplice witness, appellant complains of the trial court's failure to charge the jury that Clemente _____ was an accomplice witness as a matter of law. Further, he contends that since Clemente was the only witness to the act alleged in the indictment, the evidence is insufficient because Clemente's testimony was not corroborated. See Article 38.-14, Vernon's Ann.C.C.P.

This contention is based on the fact that Clemente testified on cross-examination as follows:

"Q All right. Did you understand back in September of '71, at the time that this happened, did you know whether this was right or wrong, what he did to you? Do you know whether that was the right thing to do or the wrong thing to do?

"A Wrong thing.

"Q What?

"A The wrong thing.

"Q All right. And did you know whether it was a crime or not to do this type of thing?

"A No.

"Q Okay. But you did know and understand that it was wrong?

2. For the same reason, appellant's complaint that the indictment is vague, indefinite and uncertain in its failure to allege that the appellant had carnal copulation with the complaining witness is without merit. Carnal copulation is not required. The act need be done only for the purpose of having carnal copulation. Sinclair v. State, supra. The indictment was sufficient under the statute.

"A (Witness nods his head affirmative-
ly)

"Q And did he force you in any way to
do this? Did he use any kind of
physical force or threats?

"A No.

"Q You did it willingly?

"A Uh-huh."

The record show that Clemente was ten
years old at the time of trial. His date of
birth or his age at the time of the offense
is not shown; however, since the offense
occurred more than sixteen months prior
to trial, it appears that he was eight or
nine years old at that time.

By their verdict the jury found that
Clemente was not an accomplice witness.

Prior to its amendment in 1967, Article
30, Vernon's Ann.P.C., provided that no
child between the ages of nine and thirteen
was criminally responsible for any offense
unless it appeared that such child "had dis-
cretion sufficient to understand the nature
and illegality of the act." Based on such
statute in Slusser v. State, 155 Tex.Cr.R.
160, 232 S.W.2d 727 (1950), we conceived
the correct rule relative to a child witness
to be as follows:

"(1) Each case must be considered upon
its own facts in determining wheth-
er the witness is to be considered a
victim of the unlawful act of an-
other or as a participant therein,
and therefore an accomplice.

"(2) If inferences are to be indulged,
the correct inference would be that
a child over nine and under thir-
teen years of age possesses suffi-
cient discretion and knowledge to
be an accomplice.

"(3) If from the evidence, a question is
raised as to whether the child be-
tween the ages of nine and thirteen
years voluntarily participated in the
criminal act, or as to whether such
child, so participating, is possessed

of sufficient discretion to know the
act to be criminal, and to have the
necessary criminal intent, such is-
sue or issues should be submitted to
the jury in order that the jury may,
by resolving such issue, determine
whether the witness is to be consid-
ered an accomplice witness.

"(4) If the record as a whole shows that
the child witness has such discre-
tion, and voluntarily participated in
the unlawful act, then the testimo-
ny of the witness should be dealt
with as that of an accomplice wit-
ness."

In 1967 Article 30 supra, was amended
to read as follows:

"Section 1. No person may be con-
victed of any offense, except perjury,
which was committed before he was 15
years of age; and for perjury only when
it appears by proof that he had suffi-
cient discretion to understand the nature
and obligation of an oath." Acts 1967,
60th Leg., p. 1086, ch. 475, § 7.

In Carnathan v. State, 478 S.W.2d 490
(Tex.Cr.App.1972), we stated:

"An accomplice witness has also been
described as a person, who, either as a
principal, accomplice, or accessory, was
connected with the crime by unlawful act
or omission on his part, transpiring ei-
ther before, at the time of, or after the
commission of the offense, and whether
or not he was present and participated in
the crime. See Article 38.14, supra, n. 2.

"Thus, it has been said that the rule
requiring corroboration of accomplice
testimony does not apply to one whose
connection with the offense was not such
as to render him punishable under the
statute denouncing the offense. See 24
Tex.Jur.2d, Evidence, § 690, p. 311, n.
17; Devault v. State, 449 S.W.2d 235
(Tex.Cr.App.1970).

" ' . . . Furthermore, even though
the witness was an actor in the crim-

inal transaction, he is not regarded as an accomplice if he did not act knowingly or willingly, *or if he was too young to be criminally responsible.'* 24 Tex.Jur.2d, Evidence § 690, p. 313 (emphasis supplied)."

As in Carnathan v. State, supra, we need not determine what effect, if any, the amendment to Article 30, supra, may have had upon Slusser v. State, supra, and other holdings.[3]

In Van Buskirk v. State, 492 S.W.2d 279 (Tex.Cr.App.1973), we stated:

"Where there is any doubt as to the fact that a given witness is an accomplice witness and such fact issue is submitted to the jury, such procedure is sufficient even though the evidence appears largely to preponderate in favor of the fact that such witness is an accomplice witness as a matter of law. Lopez v. State, 92 Tex.Cr.R. 97, 242 S.W. 212 (1922); Gonzales v. State, 441 S.W.2d 539 (Tex.Cr.App.1969) and Allen v. State, 461 S.W.2d 622 (Tex.Cr.App. 1970)."

Under the facts of this case we hold that because of his tender age Clemente was not shown to be an accomplice witness as a matter of law. A fact question as to his being an accomplice witness was presented, the trial court so charged the jury, and the jury resolved that question against appellant. Having determined that the prosecuting witness was not an accomplice witness no corroboration was required.

Appellant complains of the admission into evidence of certain extraneous offenses at the guilt-innocence stage of the bifurcated trial.

The State made no attempt to offer evidence of extraneous offenses during its case in chief.[4] Appellant then called Mone _____, a young boy, who testified that he had lived at Dimmitt two or three years, knew the appellant, had had an occasion to go hunting with him and was with him the night he was arrested. He related on that date he and his brother, Luis, and Clemente had all been with the appellant. He testified that the appellant had never done anything "bad" to him, and he never saw the appellant do anything to any other boy.[5]

In addition the appellant offered evidence of alibi. The pastor of a Dimmitt church and his wife testified that on Sunday, September 12, appellant attended Sunday School and Church from 9:45 a.m. until noon. His employer testified he picked up the appellant at his hotel around noon that day, that they went to eat and then drove to Friona to pick up a suitcase and trunk. According to the employer, they did not return to Dimmitt until 3:30 or 4 p.m. He described the appellant as an "A-one hand." Ruby Hall testified that she went to a local cafe about 4:45 p.m. that date for pie and coffee and appellant was there when she arrived. Upon leaving at 5:30 p.m., she inquired if appellant was coming to church, and at 6 p.m. she saw him at church. The pastor of the church cor-

---

3. In Gottschalk v. State, 157 Tex.Cr.R. 276, 248 S.W.2d 473 (1952), a thirteen year old boy was held to be an accomplice witness. In Hinson v. State, 152 Tex.Cr.R. 159, 211 S.W.2d 750 (1948), the witness was eleven. In Gallager v. State, 131 Tex.Cr.R. 254, 97 S.W.2d 954 (1936), and Gottschalk v. State, supra, the witnesses were fourteen or almost fourteen years of age. All of these witnesses were determined to be accomplice witnesses under the particular facts of each case. See also Bolin v. State, 505 S.W.2d 912 (Tex.Cr.App.1974).

We do note that Article 30, supra, has been repealed by the new Penal Code. See now Section 8.07 of the new Code, V.T.C.A.

4. And this was so despite the vigorous cross-examination of the State's witnesses and the attempt to impeach Clemente's testimony that the appellant had committed the act upon him twice by showing in a deposition he had testified it happened only once.

5. On cross-examination he admitted that appellant had four or five times propositioned him to allow appellant to commit sodomy on him.

roborated the fact that appellant was at church from about 6 to 10 p.m.

In rebuttal the State recalled Luis, Clemente's brother, who testified that after they met the appellant he had committed an act of sodomy on him. His testimony was equivocal on whether it was before or after the alleged act upon Clemente.

The State also recalled Clemente, who testified that on the day of the offense appellant showed him pictures of appellant's "friends" who he stated were boys "he had done it to."

Shane _____, age nine, testified that appellant had propositioned him to permit an act of sodomy and he consented, but the appellant "didn't get to it."

Tony was recalled and testified that on two or three occasions he had gone to appellant's hotel room where the appellant had given him money and had placed his mouth on the witness' "tee-tee."

Jesse _____, age twelve, who lived in Hereford, testified that in the summer three years before when he was nine he met appellant at a skating rink in Hereford and that the appellant paid for his admission to the rink. He related that on about ten occasions appellant would give him a dollar and then placed his (appellant's) mouth on the witness' penis.

Appellant objected to the testimony of these witnesses on the ground that it showed extraneous offenses. He further objected to Jesse's testimony on the ground that it was too remote.

Prior to the time the extraneous offenses were introduced, the State's evidence was in the following posture:

(1) Clemente was the only witness to the acts alleged in the indictment and a fact issue had been raised as to whether he was an accomplice witness which would require other corroboration evidence which would tend to connect appellant with the offense.

(2) The testimony of the State's witnesses, including Clemente, had been contradicted through cross-examination and defense testimony.

(3) The evidence for the defense tended to leave the impression with the jury that appellant was a church-going, hardworking man, and therefore unlikely to commit an offense such as that alleged in the indictment.

(4) The defensive testimony relative to alibi was clearly calculated to convince the jury not only that appellant did not commit the offense alleged, but also that he had no guilty knowledge of such offense; or, that such offense had not been committed.

In 23 Tex.Jur.2d, Evidence, Sec. 194, pp. 294–295 [6] it is stated:

"As a general rule, in criminal cases the accused can be convicted, if at all, only by evidence that shows that he is guilty of the offense charged. Consequently, evidence that he has committed other crimes that are remote and wholly disconnected from the offense with which he is charged is ordinarily inadmissible."

In Johnston v. State, 418 S.W.2d 522 (Tex.Cr.App.1967), the defendant was convicted under an indictment which alleged that he had used his mouth on the sexual parts of one Graham for the purpose of having carnal copulation. After detailing the evidence and quoting the rule stated in 23 Tex.Jur.2d supra, this court addressed itself to the question of the admissibility of extraneous offenses. There we stated:

"The rule against admitting evidence of other crimes by the accused is inapplicable if such evidence logically tends to

---

**6.** See Albrecht v. State, 486 S.W.2d 97 (Tex.Cr.App.1972), for the general rules relative to extraneous offenses.

show his guilt of the offense charged. In other words, relevant evidence that tends to prove that the accused committed the crime charged is not inadmissible simply because it may also reveal that he has committed other crimes.

"Evidence of the commission of other crimes by the accused is admissible as exception to the general rule to show plan or system; to rebut some defensive theory and in cases such as sodomy, as evidencing the probability of the act charged and the unnatural attention toward the complaining witness, victim or accomplice."

We then discussed the defensive evidence:

"Appellant's testimony was to the effect that Graham and other boys had been engaging in homosexual activities with a man and that he counseled Graham not to go to the man's house again. He offered evidence to the effect that the reputation of Graham was that he was a troublemaker at school and his reputation for truth and veracity was bad.

"Appellant testified that the act charged in the indictment did not occur. He denied the hypnotism and vibration routine shown by the testimony of the boys. He testified that he was not in his apartment at the time the state's testimony showed the offense was committed but was in Amarillo and he also raised as a defense that Graham had framed him and the boys were carrying out a threat to start rumors and accuse him of being 'a homosexual,' * * * 'a damned queer,' because he did not meet Graham's demand that he give him $100. All of such testimony of appellant was rebutted by the testimony of the boys denying that threats were made or money was demanded."

In Johnston v. State, supra, we held that extraneous offenses committed upon Graham and others were to be admissible. The defense presented in the instant case, when considered with the contradictions and discrepancies in the State's evidence, was at least as strong as that presented in *Johnston.*

Although unnecessary to our decision on these contentions, we do note that there are similarities [7] between the primary offense and the extraneous offenses:

(1) In each instance, except Shane, appellant placed his mouth on the sexual parts of another.

(2) In each instance the victim was eight or nine years old.

(3) In most instances the appellant gave the victim money.

(4) In most, if not all, of the instances, the eight or nine year old victim was alone with appellant at the time the offenses were committed.

We hold that the extraneous offenses were admissible to rebut the defense of alibi, to show identity, to show appellant's guilty knowledge, and, in view of the defensive evidence, to show "the probability of the act charged and the unnatural attention" of appellant toward the prosecuting witness. Johnston v. State, supra, at 527. Further, we observe that Clemente's rebuttal testimony appears to be admissible as part of the "res gestae" of the offense charged.

▮ Neither are we impressed with appellant's contention that the act upon Jesse ———— was too remote. In Robledo v. State, 480 S.W.2d 401 (Tex.Cr.App.1972), we held that introduction of an extraneous offense which occurred four years and three months before the offense on trial

7. Cf. Williams v. State, 481 S.W.2d 815 (Tex. Cr.App.1972), indecent exposure; Williams v. State, 490 S.W.2d 604 (Tex.Cr.App.1973), statutory rape; O'Neal v. State, 421 S.W.2d 391 (Tex.Cr.App.1967), enticing a minor; Ford v. State, 484 S.W.2d 727 (Tex.Cr.App. 1972), murder; Ransom v. State, 503 S.W. 2d 810 (Tex.Cr.App.1974), robbery.

**52** 

was reversible error since the extraneous offense was too remote. Yet in the instant case, the extraneous offense and the offense on trial are separated by approximately one year.[8] This fact coupled with the other extraneous offenses occurring near the date of the primary offense, is sufficient to show a continuing course of conduct. For these reasons, we are unable to hold that such testimony was too remote. The testimony showed and explained the unnatural attention and the unnatural conduct which appellant showed toward Clemente. Under these facts, it was relevant, admissible and not too remote.

Appellant's contentions are without merit.

 Appellant further advances the contention that the court erred in admitting three prior convictions at the penalty stage of the trial since they were constitutionally inadmissible. He candidly admits there were no objections. He urges that his prior Arkansas conviction was obtained without counsel. The record reflects he waived counsel. He contends his prior 1968 Potter County conviction for sodomy was inadmissible because he was placed on probation and it was not a final conviction. Article 37.07, Sec. 3(a), Vernon's Ann.C. C.P., however, provides "a probated or suspended sentence that has occurred prior to trial" may be introduced as a part of an accused's prior criminal record. The third conviction was for misdemeanor theft under five dollars in a Justice of the Peace Court in Deaf Smith County. Appellant complains now on appeal that he was without counsel at the time of such conviction. It appears that since this was a conviction in court *not of record*, which was not material to the offense charged, it was not admissible under Article 37.07, Sec. 3(a), supra. As earlier noted, however, no objection of any kind was made. Nothing is presented for review.

8. At the trial in January of 1973, the witness Jesse _____ testified that the extraneous offense occurred in "summer" three

We have carefully examined appellant's other grounds of error and do not find them to have merit, nor do we find that a discussion of the same would add to the jurisprudence of this State. They are overruled.

The judgment is affirmed.

years ago; i. e., in 1970. The offense on trial was alleged to have occurred on September 12, 1971.