Francis **VANDEFIFER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 6–84–004–CR.

Court of Appeals of Texas, Texarkana.

Oct. 23, 1984.

Robert Underwood, Carthage, for appellant.

John S. Walker, Dist. Atty., Center, Mike Parker, Asst. Dist. Atty., Carthage, for appellee.

CORNELIUS, Chief Justice.

Francis Vandefifer was convicted of aggravated sexual abuse and assessed punishment by the jury at twenty years confinement. He appeals on four grounds of error based on the trial court's refusal to grant a new trial. We overrule all grounds and affirm the judgment.

■ Vandefifer first argues he should have been granted a new trial because he was prevented from using a peremptory challenge to excuse Juror Marilyn Zanolli Hart. Vandefifer was charged with sexually abusing John Henthorne, a thirteen-year-old boy. During voir dire of the jury panel, defense counsel asked if any of the panel knew John Henthorne. Defense counsel did not exhibit Henthorne to the panel and no one indicated they knew him. After Mrs. Hart was chosen and sworn as a juror, she saw Henthorne at a lunch break and realized she had seen him at the school where she taught. She did not know him personally and had no relationship with him, although she thought he might be in her son's room at school. Mrs. Hart promptly reported these facts to the judge. On being questioned by the prosecutor and the judge she stated that her recognizing the boy would not affect her impartiality as a juror. Defense counsel declined to question her. Vandefifer contends he could have used a peremptory challenge had Mrs. Hart revealed she recognized Henthorne at voir dire and thus the court should have granted him a new trial.

We do not believe reversible error has been demonstrated. The effect of Mrs. Hart's testimony was that she did not know John Henthorne by name but only by sight. If Vandefifer felt that such a tangential knowledge of the witness would prejudice his case, he should have exhibited the witness to the panel so their knowledge could be tested. Furthermore, Mrs. Hart did not know John Henthorne personally and had no relation with him. In these circumstances we cannot perceive that Vandefifer was harmed. *See Anderson v. State,* 633 S.W.2d 851 (Tex.Cr.App.1982); *Drousche v. State,* 651 S.W.2d 883 (Tex.App.—Austin 1983, pet. ref'd).

Vandefifer asserts that a new trial should have been granted because the jurors discussed the parole law and considered matters not in evidence when they discussed whether or not Panola County had a suitable controlled rehabilitation center for probationers. Juror Williams testified that the jurors discussed the parole law and that he voted for a larger sentence because of the discussion. His testimony, however, was inconsistent and several other jurors testified that the parole law was mentioned only generally and briefly and that they were admonished that they could not consider it.

■ To warrant a new trial, a discussion of the parole law must (1) involve a misstatement of the law, (2) which is asserted as a fact, (3) by one professing to know the law, (4) which is relied upon by the other jurors, (5) who for that reason changed their vote for a more severe punishment. *Sneed v. State,* 670 S.W.2d 262 (Tex.Cr.App.1984). In this case the evidence fails to establish the first four of the criteria and supports the trial court's finding that misconduct requiring a new trial did not occur.

The jurors testified that they discussed whether or not Panola County or the adjoining counties had a community rehabilitation facility during the time they were considering whether to recommend probation. Vandefifer contends this was an improper receipt of evidence not admitted at the trial. The record reveals, however, that the jurors only questioned whether there was any such facility, since the court's charge had mentioned it in connection with probation. As there was no evidence on the point and the court could only refer the jurors to the charge, the jurors had no information on the question. The burden of showing his eligibility for and the propriety of probation is on the defendant. Having failed to provide evidence on this issue, Vandefifer is in no position to complain. Additionally, the jury assessed punishment at twenty years confinement, so probation could not have been given in any event.

■ Vandefifer also contends error was committed when the State was allowed to prove in rebuttal that he had engaged in sexual conduct with his son, similar to the conduct alleged to have been engaged in with the complaining witness. We find the evidence was relevant and properly admitted. Vandefifer had testified and presented evidence that he was not a homosexual or a bisexual, was a loving father who loved children, that he was incapable of engaging in the conduct alleged against him, and that the entire charge was a "frame up" orchestrated by his wife. In these circumstances the similar extraneous acts were admissible as tending to rebut Vandefifer's defensive theory and claim of a frame up. *See McDonald v. State,* 513 S.W.2d 44 (Tex.Cr.App.1974); *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr.App.1972); *Cravens v. State,* 663 S.W.2d 668 (Tex.App. —Houston [1st Dist.] 1983, no pet.).

The judgment is affirmed.