Thomas Henry **EARLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 12–84–0100–CR.

Court of Appeals of Texas,
Tyler.

Oct. 17, 1985.

John H. Hagler, Dallas, for appellant.

Henry Wade, Dist. Atty., Dallas, for appellee.

COLLEY, Justice.

Thomas Henry Earley was convicted by a jury of indecency with a child. The trial judge assessed his punishment at eighteen years. Complainant was Earley's 16-year-old stepdaughter.

Earley complains: (1) that the court erred in admitting into evidence the testimony of complainant relating to three prior sexual offenses committed by Earley against her, *viz.* rape and two separate acts of indecency with a child; (2) that the court erred in admitting into evidence hearsay statements of complainant; and (3) that the court erred in overruling his motion for new trial and out-of-time motion for new trial. We affirm.

Earley was prosecuted for the act of entering complainant's bedroom and fondling her breasts. Under direct examination, complainant recited that Earley began sexual contacts with her when she was between the ages of three and five. She related that on occasions, Earley exposed

his penis and forced her to fondle it as well as to perform fellatio. Complainant also testified that Earley raped her when she was twelve years old. Earley took the stand at the guilt-innocence stage of the trial and denied that he ever had any sexual contacts with complainant.

In his first three grounds of error, Earley argues that the testimony of complainant relating to the extraneous sexual offenses mentioned above was not admissible under the enumerated exceptions found in *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr. App.1972). In our view, the question of the admissibility of the testimony is controlled not by *Albrecht* and the other cases cited by Earley, but by *Johns v. State*, 155 Tex.Cr. 503, 236 S.W.2d 820, 823 (1951), *reaffirmed in Brown v. State*, 657 S.W.2d 117, 118–119 (Tex.Cr.App.1983). *See also* 2 C. McCormick & R. Ray, *Texas Law of Evidence Civil and Criminal*, § 1535 at 236–237 (Texas Practice 3d ed. 1980). Grounds 1, 2, and 3 are overruled.

Under his fourth ground of error, Earley seeks reversal because the Court permitted the State's witness, Kearney Brashear (complainant's boyfriend), to testify to out-of-court verbal statements made to him by complainant after the date of the offense, over his hearsay objection. The record demonstrates that Earley made no such objection at trial. Nothing is presented for review, and the ground is overruled. *Walker v. State*, 543 S.W.2d 634, 635–636 (Tex.Cr.App.1976).

In his last two grounds of error, Earley contends that the court erroneously overruled his motions for new trial. The first motion for new trial was timely filed, and the second was not. The first motion was based on the testimony of Earley's wife, Marsha Earley, to the effect that the witness Brashear informed her before the final arguments were made at the guilt-innocence stage that he did not then believe that complainant was telling the truth. Earley argues that since Brashear testified at trial that he believed complainant's statements to him, a new trial should have been ordered on such "newly-discovered [sic] evidence." We reject such contention. Even assuming the admissibility, which we

doubt, of Brashear's opinion that complainant's statements made to him about the offense were false, such opinion is in the nature of impeachment testimony. Therefore, the trial court did not abuse its discretion in overruling the motion for new trial based thereon. *Myers v. State*, 527 S.W.2d 307, 309 (Tex.Cr.App.1975); *Ayala v. State*, 511 S.W.2d 284 (Tex.Cr.App.1974). Ground 5 is overruled.

By his final ground of error, Earley asserts that the court erred in overruling his untimely (out-of-time) motion for new trial which was supported by the affidavit of complainant recanting her trial testimony that Earley fondled or touched her breasts. The trial court conducted a hearing on the motion. Earley introduced the affidavit, and called complainant as a witness in his behalf. Complainant, upon advice of counsel, refused to testify, claiming her Fifth Amendment privilege. Earley argues that the court abused its discretion in overruling the motion, citing *Whitmore v. State*, 570 S.W.2d 889, 898–899 (Tex.Cr.App.1976). That case enunciated the rule that, in some cases, "where an accused's constitutional rights are in conflict with the valid procedural rule of law, the procedural rule must yield to the superior constitutional right." *Id.* at 898. In the case at bar, the careful trial judge did not overrule the out-of-time motion for new trial because it was not timely filed, but rather, because he found from the evidence he heard during the trial, and the hearings on the first motion for new trial, that complainant's affidavit was coerced. Hence, we are not confronted with a collision of a procedural rule of law and Earley's constitutional right under the Sixth and Fourteenth Amendments to the United States Constitution. Complainant was present in court but refused to testify in support of the affidavit, asserting her privilege as aforesaid under the Fifth Amendment. Therefore, we hold that *Whitmore* is inapplicable here. The only question remaining now for decision is whether, under this record, the court abused its discretion in overruling the out-of-time motion. We hold that it did not.

Generally, when a witness upon whose testimony the state "is compelled to rely

for ... conviction" recants his trial testimony, a new trial should be granted. *Green v. State*, 94 Tex.Cr. 637, 252 S.W. 499 (1923). However, whether a new trial should be granted in such circumstances is addressed to the sound discretion of the trial court, and the trial court's ruling should not be disturbed unless a clear abuse of its discretion is shown. *Williams v. State*, 375 S.W.2d 449, 451–452 (Tex.Cr. App.1964). In this case, the trial judge heard the testimony presented at trial and at the hearings on both motions for new trial. In the first motion for new trial, Marsha Earley, complainant's mother and the wife of Earley, testified that her daughter, the complainant, told her that she thought Earley's punishment was too harsh, that is, his sentence was too long. Based on the evidence, the trial judge found that complainant's trial testimony was true, and that the affidavit was coerced and untrue. We hold that the evidence is sufficient to support such finding on the part of the trial judge, and that his action in overruling the out-of-time motion for new trial was therefore not an abuse of his discretion. The ground of error is overruled.

The judgment is affirmed.