Lee Roy BOX, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–86–051–CR.

Court of Appeals of Texas,
Texarkana.

May 19, 1987.

John Hagler, Dallas, for appellant.

Marcus D. Taylor, Co. Atty. of Wood County, Quitman, for appellee.

CORNELIUS, Chief Justice.

Lee Roy Box appeals his conviction of indecency with a child. He contends that the jury charge authorized a conviction for an offense not alleged in the indictment and that certain evidence of extraneous offenses was improperly admitted by the trial court. He also contends that the portion of the jury charge containing the parole law instruction is unconstitutional. We overrule these contentions and affirm the conviction.

We will first address the issues which essentially arise from the jury charge, beginning with Box's assertion that the parole law instruction is unconstitutional. We have previously upheld the constitutionality of this instruction, against similar contentions, in *Sanders v. State*, 727 S.W.2d 670 (Tex.App.1987, pet. pending).

Box also contends that the charge allowed the jury to convict him for an offense not alleged in the indictment. This contention is based upon the following portion of the jury charge:

> You are further charged as the law in this case that the State is not required to prove the exact date alleged in the indictment but may prove the offense if any, to have been committed at any time prior to the presentment of the indictment so long as said offense, if any, occurred within three (3) years of the date of the Presentment of the indictment; you are further instructed that the day the indictment was presented and the day of the offense, if any, occurred, shall not be computed within the three (3) year limitation period.

The charge also contained the following limiting instruction:

> You are instructed that if there is any testimony before you in this case regarding the defendant's having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only consider the same in deter-

mining the intent of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose.

The indictment alleged that the offense occurred on or about July 23, 1985, and the evidence established that an offense occurred on that date. The evidence also established that Box had committed similar offenses two or three times a week for the seven years preceding the alleged offense date. Box argues that the extraneous acts, when coupled with the "exact date" paragraph of the charge, allowed the jury to convict him of any one of these extraneous offenses. We disagree. The charge is limited to the offense alleged in the indictment, and is a correct statement of the law. *Knapp v. State*, 504 S.W.2d 421 (Tex.Crim.App.1973); *Walker v. State*, 441 S.W.2d 201 (Tex.Crim.App.1969); Tex. Penal Code Ann. § 21.11 (Vernon Supp. 1987); Tex.Code Crim.Proc.Ann. art. 12.01 (Vernon Supp.1987). Moreover, any possible misinterpretation of the charge as to the date of the offense was cured by the limiting instruction.

We further disagree that the charge circumvented the requirement that the State elect which offense they would rely upon for a conviction, as urged by the appellant. Until a timely motion to elect is presented by the defendant, the State is not required to elect. *Crawford v. State*, 696 S.W.2d 903 (Tex.Crim.App.1985); *Bates v. State*, 165 Tex.Crim. 140, 305 S.W.2d 366 (1957). Box made no such motion, and therefore failed to invoke the election requirement.

We next consider Box's contention that it was error to allow the complainant to testify about the instances of sexual contact which occurred prior to July 23, 1985. Box argues that the evidence should have been excluded because its prejudicial effect outweighed its probative value. Though the matter is not raised by the parties, we believe the proper disposition of this issue involves not only the prejudicial effect of this evidence, but also whether the evi-

dence should have been admitted prior to its being placed directly in issue by some act of the accused. We note, and Box concedes, that Texas continues to adhere to a separate rule for the admission of extraneous act evidence in sexual abuse and assault of child cases. *Boutwell v. State*, 719 S.W.2d 164 (Tex.Crim.App.1985); *Battles v. State*, 63 Tex.Crim. 147, 140 S.W. 783 (1911). In addition, a more general relevancy exception applicable in any type of criminal prosecution continues to be recognized in Texas jurisprudence. *Williams v. State*, 662 S.W.2d 344 (Tex.Crim.App. 1983). The difference between these two exceptions and their applicability to the facts before us are determinative of this issue, and a closer examination of each exception is therefore necessary.

We begin with the general proposition that extraneous transactions may become admissible upon a showing that the transaction is relevant to a material issue in the case and by demonstrating that the relevancy value of the evidence outweighs its inflammatory or prejudicial effect. *Williams v. State*, supra. This is considered the true test of extraneous offense admissibility. *Id.* This principle is now contained in the new Tex.R.Crim.Evid. 403, 404(b). Also recognized in Texas is the *res gestae* or context exception for extraneous acts established in *Battles v. State*, supra, and recently recognized in *Boutwell v. State*, supra. This exception applies only to cases involving sex offenses, particularly prosecutions for sexual abuse of children, where the extraneous acts are between the defendant and the victim. *Boutwell v. State*, supra; *Battles v. State*, supra. The very narrow exception articulated in *Battles* permits:

> [T]he admission of acts which occurred between the minor complainant and the defendant so as to explain the charged act and view such an unnatural act in light of the relationship of the parties as well as to make a child's accusation more plausible. A jury would otherwise hear essentially an incomplete version of the charged offense, as though it had occurred in a vacuum as a one-time act. Such evidence from a child, standing

alone, might be considered implausible or incredible. The narrow exception sought to alleviate some of that problem.

*Boutwell v. State*, supra.

Thus, in cases of sexual assault, abuse or indecency which involve a minor victim and a defendant, if material in determining the truth or falsity of the accusations, evidence can be admitted of acts and associations between the victim and the defendant as indicating the probability that the charged act occurred, and the unnaturalness of the defendant's attitude toward his victim. *Johns v. State*, 155 Tex.Crim. 503, 236 S.W.2d 820 (1951). It appears from the strong language of *Boutwell* that such extraneous acts do not become admissible unless the defendant either denies the act or undermines the credibility of the complainant in some fashion. *Boutwell v. State*, supra. If this is the case, it becomes difficult to differentiate between the *Battles res gestae* exception and the relevancy exception of *Williams*. Nevertheless, we believe the distinction may be found in the second prong of *Williams*, which addresses the prejudicial effect of the proffered evidence. In other criminal prosecutions, the evidence must affirmatively be shown to be more probative than prejudicial; in cases of child sexual assault, the probative value of the evidence appears to be assumed. *See Boutwell v. State*, supra.

Because the extraneous evidence here was offered prior to any undermining of the child's credibility or before Box denied the accusations, it was not admissible at that time. *Koffel v. State*, 710 S.W.2d 796 (Tex.App.–Fort Worth 1986, no pet.). Subsequent cross-examination, however, attacked the credibility of the State's case. In addition, Box testified subsequently, denying that the acts occurred. At that time evidence of the extraneous acts became admissible, since such evidence was then necessary to shore up the State's case, and was more probative than prejudicial. Thus, its premature admission was harmless. *Jones v. State*, 587 S.W.2d 115 (Tex.Crim. App.1978); *Koffel v. State*, supra; *see also, Boutwell v. State*, supra at 175.

The judgment of the trial court is affirmed.