Henry Lewis MICHEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–575–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 4, 1988.

Amador C. Garcia, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Deanie King, Asst. Dist. Atty., Dist. Attorney's Office, Corpus Christi, for appellee.

Before UTTER, BENAVIDES and DORSEY, JJ.

## OPINION

UTTER, Justice.

Appellant was convicted for the aggravated sexual assault of his step-daughter, J.M. The jury assessed punishment at fifty years and a fine of $5,000.00. We affirm the judgment of the trial court.

Appellant's sole point of error complains of the admission of rebuttal testimony concerning appellant's extraneous acts of sexual abuse committed against other minor children—L.M. (natural daughter), M.C. (step-daughter), and V.T.—while they were living with appellant. Appellant also contends both that the extraneous offenses were too remote in time to the charged offense and that the admission of these offenses deprived appellant of fundamental fairness and due process, their prejudicial effect greatly outweighing their probative value.

The gist of appellant's argument is that the evidence offered does not fit neatly into one of the exceptions listed in *Albrecht v. State*, 486 S.W.2d 97 (Tex.Crim.App.1972). The Court of Criminal Appeals has discussed the topic of extraneous offenses extensively in recent years and stated that courts should avoid the rote application of the general rules and "automatic" exceptions. In *Morgan v. State*, 692 S.W.2d 877, 879 (Tex.Crim.App.1985), the Court noted:

> Thus in *Williams v. State*, 662 S.W.2d 344 (Tex.Cr.App.1984) we clarified *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr. App.1972), observing that the list of "exceptions" to the "general rule" of nonadmissibility of extraneous transactions contained therein was exemplary rather than exhaustive, and was meant to be reflective of the proposition that extraneous transactions may become admissible, upon a showing by the prosecution both that the act is relevant to a material issue in the case and that its relevancy value outweighs its inflammatory or prejudicial potential.

The general rule is that an accused may not be tried for some collateral crime or for being a criminal generally. *Williams v.*

*State*, 662 S.W.2d 344, 346 (Tex.Crim.App. 1984). We must examine this case on its own facts, strengths, and weaknesses to ascertain whether the extraneous sexual offenses committed against appellant's other children are relevant to a material issue, and whether their probative value outweighed their prejudicial effect. *Boutwell v. State*, 719 S.W.2d 164 (Tex.Crim.App. 1986).

On direct-examination, appellant denied that he sexually abused the complainant, his step-daughter. Appellant testified that he loved both the children (referring to the complainant and her brother); that he took care of them in the evening while their mother worked; that he woke them up for school; that he prepared their breakfast and supper; and that he was a church-going man, although he had not attended church recently due to his shaken faith. Moreover, he testified that he had to punish complainant in the past for lying and stealing and that he was a strict disciplinarian.

On cross-examination appellant expressly denied abusing any child. He admitted on cross-examination that M.C. was taken out of his home because of alleged sexual abuse by him, and that he was asked to leave the home of V.T. shortly before trial because of an alleged sexual assault upon V.T.

On re-direct examination, he testified that V.T.'s mother did not believe he assaulted V.T. In addition, on re-direct examination, appellant's counsel asked appellant whether he had abused his other children, and appellant denied any such abuse. Over objection, the trial court subsequently admitted rebuttal evidence offered by the State as to extraneous offenses committed by appellant against L.M. and M.C.

We find that the testimony offered by appellant on re-direct examination opened the door for the subsequent admission of extraneous offenses during the State's rebuttal. The Court of Criminal Appeals "has essentially fashioned a rule that when an accused testifies gratuitously as to some matter that is irrelevant or collateral to the proceeding as with any other witness he may be impeached by a showing that he has lied or is in error as to that matter." *Hammett v. State*, 713 S.W.2d 102, 105 (Tex.Crim.App.1986); *see also Martinez v. State*, 728 S.W.2d 360 (Tex.Crim.App.1987) (extended rule to cross-examination if defendant volunteers information which leaves a false impression with the jury); *Ex Parte Carter*, 621 S.W.2d 786 (Tex. Crim.App.1981) (defendant "opened the door" by his testimony).

Even if it may have been error for the State to inquire about the matter on cross-examination, the general rule is that the premature receipt of evidence of an extraneous offense may be rendered harmless based on the subsequent actions of the defendant at trial. *Jones v. State*, 587 S.W.2d 115, 120 (Tex.Crim.App.1979); *Vessels v. State*, 467 S.W.2d 259, 263 (Tex. Crim.App.1971); *Box v. State*, 730 S.W.2d 862, 864 (Tex.App.—Texarkana 1987, pet. granted). Therefore, as long as there was a proper purpose for their admission based on appellant's testimony, the trial court did not err by admitting the extraneous offenses into evidence.

The extraneous offenses were admissible to controvert any false impression that may have been left by appellant on direct-examination that he was a loving, caring, church-going parent who would never abuse any child. *McDonald v. State*, 513 S.W.2d 44, 50–51 (Tex.Crim.App.1974); *Vandefifer v. State*, 682 S.W.2d 605, 607 (Tex.App.—Texarkana 1984, no pet.). In fact, *Boutwell*, 719 S.W.2d at 179, expressly held that extraneous offenses involving non-complainants and defendants could be properly admitted to rebut the "impression that the defendant was a church-going, hard-working man, and therefore unlikely to commit the charged offense." *See also Ballard v. State*, 464 S.W.2d 861 (Tex. Crim.App.1971) (concerning rebuttal to defendant's assertion that he did not "mess around with little children"). The probative value of the evidence outweighed its prejudicial effect under the evidence in this case. We find the evidence was relevant and properly admitted.

We next turn to the question regarding whether the extraneous offenses were too remote in time to the alleged offense to be admissible. Appellant cites no authority for his argument.

In *Brewington v. State,* 702 S.W.2d 312, 314 (Tex.App.—El Paso 1986, no pet.), the Court held that extraneous offenses were admissible where the time between the charged and extraneous sexual acts was bridged by intervening sexual misconduct of a similar nature. In that case there was constant sexual abuse of various children extending over a period of twenty-two years. In the present case, as in *Brewington,* appellant's extraneous offenses were sufficiently similar to the charged offense and void of any significant breaks in time. The extraneous offenses were not too remote in time and were properly admitted. *Cf. Garcia v. State,* 573 S.W.2d 12, 14 (Tex.Crim.App.1978); *Smith v. State,* 719 S.W.2d 402, 403 (Tex.App.—Houston [1st Dist.] 1986, no pet.); *Earley v. State,* 718 S.W.2d 298, 298–99 (Tex.App.—Tyler 1985, no pet.); *Veloz v. State,* 666 S.W.2d 581, 582 (Tex.App.—Houston [1st Dist.] 1984, no pet.). We overrule appellant's sole point of error.

The judgment of the trial court is AFFIRMED.

BENAVIDES, J., concurs and files an opinion.

BENAVIDES, Justice, concurring.

The majority, citing *McDonald v. State,* 513 S.W.2d 44 (Tex.Crim.App.1974) and *Vandefifer v. State,* 682 S.W.2d 605 (Tex.App.—Texarkana 1984, no pet.), finds that because the appellant testified at the trial below that he had previously been a church goer[1] and that he loved his step-daughter J.M. (the alleged victim) and her brother D.M., the evidence of extraneous offenses against other step-children L.M. and M.C. were admissible to rebut a false impression.

Although not necessary to its holding, the Court of Criminal Appeals in *Boutwell v. State* approved *McDonald* for the proposition that evidence of extraneous offenses could be admitted to rebut the impression that a defendant was a church going man and not likely to commit the charged offense. *Boutwell v. State,* 719 S.W.2d 164, 179 (Tex.Crim.App.1986) (opinion on motion for rehearing). I do not interpret the *Boutwell* case as authority for the proposition that appellant's statements in and of themselves open the flood gates of extraneous offenses. Indeed it would seem that *Boutwell* would condemn the application of the *McDonald* case insofar as to create an automatic or rote exception to the general rule excluding the admission of extraneous offenses. The approval of *McDonald* in the wake of the actual holdings in *Boutwell* must hinge on the particular factors existing in *McDonald* which as a whole created the false impression or defensive theory sought to be rebutted.

The factors in *McDonald* do not exist in the case before us nor can I equate appellant's statement that he previously attended church with a *per se* attempt to create an impression that he did not or could not commit the offense charged.

Furthermore, the facts and testimony of the accused in the *Vandefifer* case which might be properly described as an attempt to create a false impression, are not present in the case before us on appeal. In *Vandefifer,* the male defendant had testified and presented evidence that he was not a bisexual or a homosexual, and was a loving father who loved his children and was incapable of engaging in the alleged misconduct. The male victim of the extraneous offense in *Vandefifer* was the son of the accused whom the accused professed to love.

Here, the appellant testified at trial that he had provided care for both J.M. and her brother D.M. Appellant, after initially stating that he had mixed feelings about J.M., testified that he loved both J.M. and

1. Appellant's testimony was that he had been a churchgoer, but his faith had been shaken and he no longer attended.

D.M. The appellant did not profess his love for the victims of the extraneous offense, nor did his statements present a defensive theory that should properly allow a rebuttal by the introduction of evidence of the extraneous offenses against L.M. and M.C.

However, because I agree with the majority that the gratuitous testimony offered by appellant on re-direct that he had not abused his other children opened the door for the subsequent admission of the extraneous offenses, I concur with the result reached by the majority and would affirm appellant's conviction.