Oakley Cope TOWNSEND, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–88–00825–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 24, 1989.

Discretionary Review Refused
Nov. 22, 1989.

Clifton L. Holmes, Holmes Law Office, Longview, for appellant.

John B. Holmes, Dist. Atty., Jose Gonzalez–Falla, Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and MIRABAL and DUNN, JJ.

OPINION

MIRABAL, Justice.

A jury convicted appellant of two counts of indecency with a child, each count involving a different child. After the jury's verdict, the court assessed appellant's pun-

ishment at five years confinement on each count.

In a single point of error, appellant contends that the trial court committed reversible error in admitting evidence of extraneous offenses involving similar sexual conduct with third parties.

A brief recitation of the facts is necessary to a discussion of this point of error.

The two 12–year–old complainants were neighbors of appellant. On March 11, 1988, both girls went to appellant's home to play with his children. One complainant testified that while she was alone with appellant, inside the house, he came up behind her, put his hand under her shirt, and touched her breast. He also placed his hand on her hips and next to her vagina, and kissed her on the lips. Afterward, the complainant told her girlfriend (the second complainant) what had happened, and her girlfriend reported the matter to her mother. The friend's mother then questioned the complainant about the details of the incident, at which time the second complainant reported to her mother that appellant had done the same thing to her about two weeks earlier. The second complainant said that while she was at appellant's home, he had reached under her shirt and touched her breast for a few seconds, before he was interrupted by his sons running into the room.

In addition to these two specific incidents, both girls testified at trial, over appellant's objection, that he had fondled them on earlier occasions. One girl related that similar events had occurred "about four times," one to three years earlier, and the other girl said that appellant had fondled her breasts before, and that this had occurred "a lot."

Appellant testified in his own defense and denied any sexual contact with either of the two complainants. He said that on the occasion in question, he told both girls he would not take them to his ranch over spring break and that both girls were angry with his decision. He theorized that the girls had fabricated their story in an effort to gain revenge.

Appellant also called a psychiatrist, Dr. Fred Fason, to testify as a defense witness. Dr. Fason testified that based on his interview with and testing of appellant, it was his expert medical opinion that appellant's psychological profile was not typical of individuals who commit sexual crimes. He also testified that a child of 12 years of age could fantasize a sexual encounter, confuse fantasy with reality, and relate the fantasy as though it were factual.

In rebuttal, the State called two female witnesses, also neighbors of appellant. One witness, a 16–year–old girl, testified to four different episodes of sexual contact by appellant, the first occurring six years earlier when she was 10 years of age, and the last when she was 13 years old. She said that appellant had touched her breast, had exposed himself to her, and had made her touch his penis. The other witness, 22 years old at the time of trial, testified that about seven years earlier, when she was 15 years old, appellant had fondled her breasts from behind while she sat on his lap.

Appellant filed a motion to suppress the testimony of these two witnesses, objecting that it related to extraneous offenses, which were too remote and prejudicial to be admissible. The trial court heard the testimony outside the presence of the jury, and then overruled appellant's objection, finding the testimony was admissible under Tex.R.Crim.Evid. 404(a)1.

Rule 404(a) provides:

(a) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;

As a general rule, an accused may not be tried for a collateral crime or for being a criminal generally. *Williams v. State,* 662 S.W.2d 344, 346 (Tex.Crim.App.1983). Thus, an extraneous offense is not admissible unless the transaction is relevant to a

material issue in the case, and the relevancy value of the evidence outweighs its inflammatory or prejudicial potential. *Id.*

The Court of Criminal Appeals has held that, even in sexual molestation cases involving children, evidence that merely shows the probability of the act charged and the unnatural attention of the defendant toward the prosecuting witness is generally inadmissible. *Boutwell v. State,* 719 S.W.2d 164 (Tex.Crim.App.1985) (op. on reh'g). The court acknowledged, however, that such evidence may be admissible under one or more recognized exceptions to the general rule. *Id.* at 180.

Here, the State contends that the testimony was admissible to rebut the false impression left by appellant that he was not the type of person who would commit a sexual offense, and that he was simply an innocent victim of the complainants' fabrication, which arose from their anger about his failure to take them on a trip.

We agree with the State's contention and conclude that appellant, by his own testimony and that of his expert medical witness, Dr. Fason, "opened the door" for the admission of the State's rebuttal testimony. According to the State's witnesses, all of the prior sexual assaults were committed in similar fashion and on numerous occasions over a seven-year period. Thus, the extraneous acts were not too remote in time to have some probative value. *See Michel v. State,* 745 S.W.2d 497 (Tex.App.—Corpus Christi 1988, no pet.); *Brewington v. State,* 702 S.W.2d 312, 314 (Tex.App.—El Paso 1986, rev. granted). The two extraneous offenses were admissible to controvert the false impression left by appellant that he was not the type of person who would commit a sexual offense against a child, and that he was simply the innocent victim of the children's anger and their overactive imaginations. *See McDonald v. State,* 513 S.W.2d 44, 50–51 (Tex.Crim.App.1974); *Michel,* 745 S.W.2d at 498; *Vandefifer v. State,* 682 S.W.2d 605, 607 (Tex.App.—Texarkana 1984, no pet.); *see also Ballard v. State,* 464 S.W.2d 861 (Tex.Crim.App.1971).

Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.

EVANS C.J., not participating.