Daniel Achelles **GROH**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–85–0975–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 4, 1986.

Rehearing Denied Jan. 8, 1987.

Joseph D. Libby, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., William J. Delmore, III, Carol Davies, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

WARREN, Justice.

A jury found appellant guilty of aggravated sexual assault, and upon his plea of "true" to the enhancement paragraph of the indictment, assessed punishment at 70 years confinement.

Appellant brings three points of error: (1) the trial court "erred in ordering the [defense] witness, Gaskins, to appear before the jury in jail clothes" during presentation of the State's case, for the purpose of identification by the complainant; (2) the trial court erred in allowing the trial to continue after the court discovered the presence of a juror who was acquainted with Gaskins, a defense witness; and, (3) the trial court "erred in admitting photographs into evidence over objections," because the proper predicate to admission was not laid by the State.

The record shows that on the night of May 25, 1984, the complainant met the appellant and his brother-in-law, David Gaskins, at a Houston nightclub. All parties agree that the complainant left the club with the appellant and Gaskins, and that the three eventually arrived at the residence of Paul Shepard, where the appellant and Gaskins engaged in sexual intercourse with the complainant.

The complainant testified that she was beaten by the appellant while Gaskins, a man named Mark, and the appellant took turns raping her. The next morning, the men drove her to another location, where they left her with her car, after removing its battery and robbing her of her money. The appellant and Gaskins testified that the complainant consented to have sex with them, and that the appellant struck the complainant only after she became angry and hit him first, sometime after the acts of intercourse were completed.

Joyce Brewer, the complainant's cousin, testified that she accompanied the complainant to Ben Taub hospital the next day; that the complainant bore the signs of a beating and appeared to be in shock; and that one day after the hospital visit, Mrs. Brewer photographed the complainant's injuries.

Appellant testified that he moved to North Carolina after he learned of the police investigation that led to his arrest and trial. Gaskins moved to Chicago but was

arrested in Houston when he appeared at appellant's trial to testify for appellant.

In his first point of error, appellant asserts that he was harmed because a defense witness, David Gaskins, appeared before the jury for identification by the complainant while dressed in jail clothing, despite the appellant's objection. Later in the trial, Gaskins was allowed to wear civilian clothes while testifying, but appellant argues that reversible error was committed because of the effect the first view had on Gaskins' credibility, and because of the implication that Gaskins had already been convicted of an offense.

Appellant relies on the case of *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), for the proposition that the fourteenth amendment protects an individual from being introduced to a jury while he is in jail clothing. *Williams* involved a defendant who appeared at his own trial in prison attire; the Court noted that any requirement that a defendant face trial in such clothing is repugnant to the fourteenth amendment, but held that error was waived by the defendant's failure to preserve error by objecting at trial. *Id.* at 505–06, 96 S.Ct. at 1693–94.

No Texas court has found reversible error where a witness for the defense was presented to the jury in jail clothes. The Court of Criminal Appeals considered the issue in *Thompson v. State,* 514 S.W.2d 275 (Tex.Crim.App.1974). In *Thompson,* the court noted that the decision to require handcuffs and jail clothing for defense witnesses was within the trial court's discretion. The court also held that there was no abuse of discretion where the record reflected the trial court's genuine security concerns. *Id.* at 278. The court emphasized that "possible prejudice to a defendant should be avoided unless there are sufficient reasons to have his witnesses appear handcuffed and in jail clothing." *Id.* at 277. But the court in *Thompson* affirmed the conviction.

*Thompson* has been cited twice in cases in which a conviction was reversed because the defendant, rather than a non-party witness, was forced to testify in *handcuffs;* in both cases the courts found no adequate justification for the restraint in the record. *Moore v. State,* 535 S.W.2d 357 (Tex.Crim. App.1976); *Gammage v. State,* 630 S.W.2d 309 (Tex.App.—San Antonio 1982, pet. ref'd). In those cases, the courts noted that the error was reversible because the restraints infringed upon the constitutional presumption of innocence. *Moore,* 535 S.W.2d at 358; *Gammage,* 630 S.W.2d at 316.

Here, the facts before the court resemble those in *Thompson,* not those in *Moore* or *Gammage.* This appellant complains because of the effect the court's action had on his witness' credibility, not because he was deprived of the presumption of his own innocence. *See Thompson,* 514 S.W.2d at 277. Although the trial court did not indicate "sufficient reasons to have [the witness] appear ... in jail clothing," we find no reversible error in view of the testimony subsequently given by Gaskins.

The appellant contends that the credibility of his witness was adversely affected by the implication that Gaskins had already been convicted of an offense. But when Gaskins subsequently testified, he was allowed to wear civilian clothing, and at that time, his testimony established that he had only recently been arrested. Gaskins testified extensively regarding his whereabouts on the night in issue and in the following months. It can not be fairly said that the jury was misled by his earlier appearance and believed that he had been convicted of an offense.

The newly adopted Rules of Appellate Procedure provide that a finding of error requires reversal "unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment." Tex.R.App.P. 81(b)(2). As it pertains to the admission of evidence, this standard has been construed to require reversal only if, had the evidence been excluded, "the 'minds of an average jury' would not have found the State's case *significantly less persuasive....*" *Vanderbilt v. State,* 629 S.W.2d 709, 724–25 (Tex.Crim.App.1981),

cert. denied, 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1982) (quoting *Schneble v. Florida*, 405 U.S. 427, 432, 92 S.Ct. 1056, 1059, 31 L.Ed.2d 340 (1972) (emphasis in original)); *see Chapman v. California*, 386 U.S. 18, 23–24, 87 S.Ct. 824, 827–28, 17 L.Ed.2d 705 (1967); *Clemons v. State*, 605 S.W.2d 567, 571–72 (Tex.Crim.App.1980).

Although we find error in allowing the witness to first appear before the jury in jail clothing, without apparent justification for doing so, the error was harmless under the standard adopted in *Vanderbilt*. Because Gaskins' testimony fully developed the circumstances leading to his arrest, his exclusion from the courtroom while in jail clothing would not have made the State's case significantly less persuasive. Appellant's first point of error is overruled.

In his second point of error, appellant complains that the court erred because it did not inform the parties after it discovered that one of the jurors was acquainted with David Gaskins. On voir dire, the jury panel did not respond to the prosecutor's inquiry whether anyone knew Gaskins; only upon actually seeing Gaskins in court did juror McDaniels inform the court, through a bailiff, that he recognized Gaskins because the two of them had worked together for several months in 1984 or 1985. McDaniels assured the bailiff that he could reach an unbiased decision. Testimony to this effect was given by McDaniels at the hearing on appellant's amended motion for new trial, although McDaniels' conduct was never challenged in a written motion for new trial.

Appellant's amended motion was filed 63 days after the sentence was imposed. A timely amended motion for new trial must be filed before any preceding motion is overruled and within 30 days after the date the sentence is imposed or suspended in open court. Tex.R.App.P. 31(a). The trial court has no discretion to grant leave for an amendment after the 30 days have elapsed. *Dugard v. State*, 688 S.W.2d 524, 530 (Tex.Crim.App.1985). It has recently been held that evidence produced in support of an untimely motion for new trial should not be considered on ap-

peal. *Heckathorne v. State*, 697 S.W.2d 8, 10 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). As appellant's amended motion for new trial was untimely filed, we may not consider the testimony given at the hearing on that motion.

Even if the issue were properly before this Court, the presence of Mr. McDaniels on the jury in all reasonable probability caused no harm and, therefore, was not reversible error. Mr. McDaniels testified that he did not recall being asked about David Gaskins on voir dire, and that he probably would not recognize the name if it had been mentioned. He also denied that his acquaintance with Gaskins caused any bias or prejudice towards the witness. Appellant has shown no harm resulting from the juror's slight acquaintance with the witness. *See Anderson v. State*, 633 S.W.2d 851, 854 (Tex.Crim.App.1982) (juror assured court she could determine case strictly from evidence); *Vandefifer v. State*, 682 S.W.2d 605, 607 (Tex.App.—Texarkana 1984, no pet.) (juror knew appellant only tangentially); *Drousche v. State*, 651 S.W.2d 883, 889 (Tex.App.—Austin 1983, pet. ref'd) (juror assured court he could reach impartial decision). Appellant's second point of error is overruled.

In his third point of error, appellant urges that his conviction should be reversed because the proper predicate was not laid for the admission into evidence of photographs of the complainant. The photographs were taken by the complainant's cousin and by a police investigator; the complainant testified that the photographs of her injuries were "fair and accurate depictions of the way those injuries appeared following the rape incident."

Photographs may be authenticated by proof of their accuracy as a correct representation of the subject at a given time, and the witness who verifies such exhibits need not be the photographer. *Darden v. State*, 629 S.W.2d 46, 49 (Tex.Crim.App.1982). The complainant's testimony provided a sufficient foundation for the admission of the photographs of her injuries. Moreover, appellant's objection at trial was too general an objection to pre-

serve error. *Williams v. State*, 596 S.W.2d 862, 866 (Tex.Crim.App.1980); *Perez v. State*, 491 S.W.2d 672, 675 (Tex.Crim.App. 1973). Appellant's third point of error is overruled.

The judgment is affirmed.