In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-02-00244-CR
NO. 01-02-00245-CR
NO. 01-02-00246-CR
NO. 01-02-00247-CR
____________

LONNIE RAY ANDREWS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause Nos. 872810, 872811, 872812, 872813




O P I N I O N
           Lonnie Ray Andrews, appellant, was charged with three counts of sexual assault of
a child and one count of indecency with a child. Appellant entered pleas of not guilty to all
offenses. After a jury found appellant guilty of all four charges, it assessed his punishment
at 20 years confinement and a $10,000 fine on each sexual assault charge and 18 years
confinement and a $5000 fine on the indecency charge. Appellant now raises the following
five issues on appeal: (1) the trial court erred in failing to charge the jury on the law
pertaining to sentences for offenses arising out of the same criminal episode, (2) the
prosecutor misled the jury during closing argument at punishment, (3) the trial court erred
in denying his motion for new trial on the grounds that the invocation of article 36.03 of the
Texas Code of Criminal Procedure was violated by some of the witnesses and on the grounds
that he was denied effective assistance of counsel, (4) appellant was denied effective
assistance of counsel, and (5) appellant was denied effective assistance of counsel in that
counsel failed to object to the jury charge and the prosecutor’s jury argument.
Discussion
Jury Charge Error
           In his first point of error, appellant claims that the trial court erred in failing to charge
the jury on the law pertaining to sentences on offenses arising out of the same criminal
episode. Specifically, appellant claims that the charge of the court set out in article 36.14 of
the Code of Criminal Procedure should have included an instruction setting out section 3.03
of the Texas Penal Code.


 See Tex. Pen. Code Ann. 3.03 (Vernon 2003). Texas Penal Code
section 3.03 pertains to the disposition of sentences for offenses arising out of the same
criminal episode. See id.
           The Texas Court of Criminal Appeals has held that a trial court does not abuse its
discretion by including a section–3.03 instruction in the jury charge. Haliburton v. State, 578
S.W.2d 726, 729 (Tex. Crim. App. 1979). However, that holding does not support the
conclusion that failure to give such an instruction sua sponte is error.


 We hold that it is not
error not to give such an instruction sua sponte. We overrule appellant’s first point of error.
Improper Jury Argument
           In his second point of error, appellant claims that the prosecutor’s improper jury
argument misled the jury. Appellant contends that the prosecutor informed the jury that
appellant’s sentences would run concurrently, knowing that a motion to cumulate had been
filed. Appellant did not object to the prosecutor’s jury argument. A defendant’s failure to
object to allegedly improper jury argument waives any complaint on appeal. See Cockrell
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). We overrule appellant’s second point
of error.
 
 
 
Denial of Motion for New Trial
           In his third point of error, appellant claims that the trial court erred in denying his
motion for new trial because there was a violation of article 36.03 of the Code of Criminal
Procedure


 and because he was denied effective assistance of counsel.
           Appellant was sentenced on February 1, 2002. On February 7, 2002, appellant filed
a timely motion for new trial alleging that there was newly discovered evidence of violations
of article 36.03. On April 15, 2002, appellant filed an amended motion for new trial alleging
ineffective assistance of counsel. On April 16, 2002, the trial court held a hearing on
appellant’s motion and amended motion for new trial and denied both.
           Appellant’s amended motion for new trial claiming ineffective assistance of counsel
was filed 73 days after the sentence was imposed. A timely amended motion for new trial
must be filed before any preceding motion is overruled and within 30 days after the date the
sentence is imposed or suspended in open court. Tex. R. App. P. 21.4(b). The trial court has
no discretion to grant leave for an amendment after the 30 days have elapsed. Dugard v.
State, 688 S.W.2d 524, 530 (Tex. Crim. App. 1985), overruled on other grounds by Williams
v. State, 780 S.W.2d 802 (Tex. Crim. App. 1989); see also Groh v. State, 725 S.W.2d 282,
285 (Tex. App.—Houston [1st Dist.] 1986, pet. ref’d). Moreover, a trial court has no
jurisdiction to consider an untimely amended motion for new trial, and a hearing on any such
amended motion is a nullity. See Drew v. State, 743 S.W.2d 207, 223 (Tex. Crim. App.
1987). The trial court was without jurisdiction to rule on appellant’s amended motion. 
Appellant’s challenge to the denial of his motion for new trial on the ground of ineffective
assistance of counsel is moot.
           Appellant also claims that the trial court erred in denying his original motion for new
trial on the ground of newly discovered evidence. Appellant claims that several of the State’s
witnesses were observed exchanging notes and discussing each other’s testimony in violation
of article 36.03. See Tex. Code Crim. Proc. Ann. art. 36.03 (Vernon Supp. 2003).
           The trial court has discretion to decide whether to grant a new trial based upon newly
discovered evidence, and its ruling will not be reversed absent an abuse of discretion. Keeter
v. State, 74 S.W.3d 31, 37 (Tex. Crim. App. 2002). A new trial shall be granted when
material evidence favorable to the accused has been discovered since trial. Id. at 36. The
evidence must satisfy a four-part test: (1) the newly discovered evidence was unknown or
unavailable to the movant at the time of his trial; (2) the movant’s failure to discover or
obtain the evidence was not due to a lack of diligence; (3) the new evidence is admissible and
is not merely cumulative, corroborative, collateral, or impeaching; and, (4) the new evidence
is probably true and will probably bring about a different result in another trial. Id.
           In support of appellant’s motion for new trial on the ground of newly discovered
evidence of violations of article 36.03, appellant included the affidavits of several witnesses. 
However, appellant did not provide evidence to satisfy the four-part test. Specifically,
appellant did not prove that the newly discovered evidence was unknown or unavailable to
him at the time of trial. In fact, the affidavit of one of the witnesses, Dolores Delasbour,
stated that she had notified appellant’s counsel of the incidents and that she believed that
counsel had informed the judge because the judge had removed a spectator from the
courtroom.
           Appellant also failed to provide any evidence to prove that his failure to discover or
to obtain the evidence was not due to a lack of diligence. Neither did appellant prove that
the new evidence was probably true or explain how it would bring about a different result in
another trial.
           We hold that the trial court did not err in denying appellant’s motion for new trial
claiming that the “invocation of the rule” had been violated.
           We overrule appellant’s third point of error.
Ineffective Assistance of Counsel
           In his fourth and fifth points of error, appellant claims that he was denied effective
assistance of counsel. Specifically, appellant claims that his trial counsel did not prepare him
for trial, did not fully investigate and subpoena all witnesses, and did not effectively cross-examine all witnesses. Appellant also claims that his trial counsel was ineffective for not
objecting to the omission of an instruction setting out Texas Penal Code section 3.03 in the
jury charge or to the prosecutor’s jury argument.
           The standard of review for evaluating claims of ineffective assistance of counsel is
set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). See
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 726
S.W.2d 53, 55 (Tex. Crim. App. 1986); Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). Appellant must show that (1) counsel’s
performance was so deficient that he was not functioning as acceptable counsel under the
sixth amendment and (2) but for the counsel’s error, the result of the proceedings would have
been different. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Thompson, 9 S.W.3d at 812;
Gamble, 916 S.W.2d at 93. 
           It is the defendant’s burden to prove ineffective assistance of counsel. Strickland, 466
U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. The defendant must overcome
the presumption that, under the circumstances, the challenged action might be considered
sound trial strategy. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d
at 813; Gamble, 916 S.W.2d at 93. 
           We have already determined that appellant’s amended motion for new trial, in which
he asserted ineffective assistance of counsel, was untimely. Evidence in support of an
untimely motion for new trial will not be considered on appeal. See Heckathorne v. State,
697 S.W.2d 8, 10 (Tex. App.—Houston [14th Dist.] 1985, pet. ref’d). Therefore, the record
is silent as to how appellant’s trial counsel prepared for trial and why he did not subpoena
all witnesses suggested by appellant or call all the subpoenaed witnesses to testify. The
record is also silent as to why counsel did not object to the jury charge or the prosecutor’s
closing argument. To find that trial counsel was ineffective based on the asserted grounds
would call for speculation, which we will not do. See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994); Gamble, 916 S.W.2d at 93.
           We overrule appellant’s fourth and fifth points of error.
Conclusion
           We affirm the trial court’s judgment. 
 
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.
Publish. Tex. R. App. P. 47.2(b).