Opinion issued July 10, 2003 
 





 


     









In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00745-CV




IN THE MATTER OF D.W.A




On Appeal from the 315th District Court
Harris County, Texas
Trial Court Cause No. 2002-00940J




MEMORANDUM OPINION
          Appellant, D.W.A., was charged with engaging in delinquent conduct by
committing the felony offense of delivery of a controlled substance. A jury found
that appellant had engaged in delinquent conduct and the trial court adjudicated
appellant delinquent and placed him in the custody of the Texas Youth Commission. 
On appeal, appellant contends that (1) the evidence was legally and factually
insufficient to support the jury’s finding because the evidence did not sufficiently
establish that he was a party to the delivery of a controlled substance, (2) the trial
court erred when it overruled appellant’s objection to the jury charge and denied
appellant’s request for an instruction on the lesser-included offense of possession of
a controlled substance, (3) the trial court erred when it denied appellant’s motion for
expenses to obtain clothing for his adult co-defendant witnesses, and (4) the trial
court erred when it admitted typewritten notes of a trial witness’s previous statements. 
We affirm.
Background
          On January 24, 2002, Officer Brian Bufkin of the Houston Police Department
participated in an undercover investigation in which he attempted to purchase
cocaine. At trial, Officer Bufkin testified that, during his investigation, he first
approached Scott Powell, whom he saw standing on a street corner, and asked where
he could purchase “two 20’s,” slang for $40 worth of cocaine. 
          Powell got into Bufkin’s pickup truck and directed Bufkin to several locations
where he believed they could purchase cocaine. These attempts were unsuccessful. 
Eventually, Powell and Bufkin met up with Paula Gotch, and Gotch got into Bufkin’s
truck to help them search for cocaine. Gotch directed Bufkin to another location to
attempt to purchase cocaine, but this attempt was also unsuccessful. Bufkin, Powell,
and Gotch then returned to their starting point. Gotch asked Bufkin to pull the truck
over to the side of the road and she got out of the truck. Bufkin then saw Gotch meet
appellant in the road a short distance from the truck. Bufkin had previously given
Gotch two “marked” $20 bills to purchase cocaine.


 Bufkin saw Gotch exchange the
money for something in appellant’s right hand. Bufkin could not see what appellant
handed Gotch.
          While Gotch was conducting this transaction with appellant, Powell was still
seated in the truck. Powell began arguing with a bystander outside the truck. At trial,
Bufkin contended that he was not distracted by the argument and that he instead
watched the entire transaction between the appellant and Gotch. Gotch returned to
the truck and gave Bufkin the cocaine that she had obtained. After taking some of the
cocaine for payment, Gotch walked away from Bufkin’s truck. After a brief
conversation, Powell also took a piece of the cocaine and got out of Bufkin’s truck.
          Bufkin then radioed other police officers waiting nearby, giving them
descriptions of Powell, Gotch, and appellant. Shortly after the transaction with Gotch
was concluded, Bufkin saw appellant and another man leave a convenience store in
a nearby strip center. Bufkin again radioed a description of appellant to nearby police
officers.
          One of the officers who was nearby during Bufkin’s interaction with Powell
and Gotch testified that he also saw two men, one fitting appellant’s description,
walking away from the store in the strip center. When a marked police car came
around the corner, appellant ran away. Another officer, Officer Hudkins, testified
that he saw a man matching appellant’s description running away from the store and
looking back over his shoulder as if he was being chased. Officer Hudkins then
arrested appellant. Appellant did not have any contraband on him at the time of his
arrest, but a search of his pockets revealed $31.10. 
          Gotch testified, as a witness for the defense, that, after she had taken Officer
Bufkin and Powell to buy cocaine, she told them to let her out of the truck near the
strip center. Gotch testified that, as she was walking away, Powell called to her from
the truck and asked her to wait because she still had the money in her pocket. 
According to Gotch, Powell then approached some men, one of whom was appellant,
who were standing near the truck. Gotch stated that Powell asked for the money she
still had in her pocket. Gotch testified that Powell, after he spoke with appellant,
handed her cocaine that she in turn gave to Bufkin. Gotch stated that she could not
see whether Powell gave appellant money or whether appellant gave Powell the
cocaine. Gotch also stated that Powell did not argue with a bystander. Gotch stated
that she knew appellant well and lived in the same neighborhood as he and his
mother. Gotch testified that she had been appellant’s babysitter when he was younger.
          During Gotch’s testimony, the State introduced the typewritten notes of
interviews an unidentified investigator had with Gotch while she was incarcerated. 
These notes contained a version of events very similar to the one Gotch gave in her
testimony. Gotch testified that she had been given these notes before her testimony,
apparently in order to refresh her memory of what she had told the unnamed
investigator. In addition to the version of the events Gotch gave in her testimony, the
notes also contained several conclusions by the investigator. Among the conclusions
was the possibility that Powell, not appellant, was the source of the cocaine and the
notation that “Gotch believes it very possible that Powell already had the cocaine
before he approached [appellant].” Despite the similarity of the statements in the
investigator’s notes to those she made during her testimony, Gotch contended that the
statements contained in the notes were not true and that she did not use the notes in
giving her trial testimony. Appellant objected to the admission of the investigator’s
notes on the grounds that, since Gotch did not use the notes in preparing her
testimony, the notes were irrelevant. The trial court overruled appellant’s objection
and admitted the investigator’s notes into evidence. 
          Powell also testified at trial. Powell testified that, after Officer Bufkin pulled
the truck over, Gotch went into a nearby washateria and purchased cocaine from a girl
working in the washateria. Powell stated that he could see the entire transaction from
the truck. Powell testified that Gotch did not turn over all of the drugs she purchased
to Bufkin. Powell admitted that he also took a piece of the cocaine from Bufkin. 
Like Gotch, Powell denied seeing the appellant that day.
          Appellant’s mother and stepfather also testified at trial. Appellant’s mother
stated that it would be unusual for appellant to have more than $10 or $15 spending
money at one time, while appellant’s stepfather stated that he had given appellant
only $15 that day. 
          At the close of evidence, appellant requested a jury instruction on the lesser-included offense of possession. The trial court denied appellant’s request. Legal and Factual Sufficiency
          At the outset, appellant claims that the evidence was legally and factually
insufficient because the evidence did not sufficiently establish that he was a party to
the delivery of the cocaine to Officer Bufkin. In juvenile cases, a reviewing court
applies the criminal sufficiency standards of review. In re L.R., 84 S.W.3d 701, 704
(Tex. App.—Houston [1st Dist.] 2002, no pet.).


 
          When evaluating the legal sufficiency of the evidence, we view the evidence
in the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Our review of the
factual sufficiency of the evidence requires us to ask whether a neutral review of all
the evidence, both for and against the finding, demonstrates that the proof of guilt is
so obviously weak as to undermine confidence in the jury’s determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof. Id. at 563. In conducting our analysis, we may disagree with the jury’s
determination, even if probative evidence supports the verdict, but we must also avoid
substituting our judgment for that of the fact finder. Id. The jury is entitled to judge
the credibility of the witnesses and may choose to believe all, some, or none of the
witnesses’ testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).
The standard of review for circumstantial evidence is the same as it is for reviewing
direct evidence. King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995). 
          Appellant was charged with engaging in delinquent conduct by delivering a
controlled substance to Officer Bufkin. The elements of the offense of delivery of a
controlled substance are: (1) a person, (2) knowingly or intentionally, (3) delivers, (4)
a controlled substance. Tex. Health & Safety Code Ann. § 481.112(a) (Vernon
Supp. 2003). Delivery may be effectuated by an actual transfer, a constructive
transfer, or an offer to sell. Id. § 481.002(8) (Vernon Supp. 2003). The jury was
instructed on the law of parties, which states that a person is criminally responsible
for an offense committed by another if he acts with the intent to promote or assist the
commission of the offense and he solicits, encourages, directs, aids, or attempts to aid
the other person to commit the offense. Tex. Pen. Code Ann. § 7.02(a)(2) (Vernon
Supp. 2003). 
          Appellant contends that the evidence was legally and factually insufficient
because the State failed to show that he ever had possession of either the marked bills
or the cocaine. Appellant points to the State’s failure to test his hands and clothes for
cocaine residue, the conflicting testimony of Officer Bufkin, Gotch and Powell, and
the distance from which Bufkin observed Gotch and appellant interact. The jury
heard both Bufkin and Gotch testify that appellant was the source of the cocaine,
although neither actually witnessed appellant hand over the cocaine. Circumstantial
evidence, by itself, may be enough to support the jury’s verdict. See Smith v. State,
965 S.W.2d 509, 515 (Tex. Crim. App. 1998). Bufkin stated that, until Gotch spoke
with appellant, she did not appear to have any cocaine in her possession. Likewise,
Gotch stated that Powell did not indicate that he had any cocaine until after he spoke
with appellant. Bufkin saw Gotch give the money he knew to be in her right hand to
appellant and receive something from him in return. Similarly, Gotch stated that she
gave the money to Powell and he appeared to give it to appellant. Finally, appellant
was found with more than $30 in his pockets after he left the strip center and was
arrested, and his stepfather testified that he had given appellant only $15.00 that day. 
          It is the jury’s responsibility to resolve conflicts in the testimony, to weigh the
evidence, and to draw reasonable inferences from basic facts to ultimate facts. 
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). “What weight
to give contradictory testimonial evidence is within the sole province of the jury
because it turns on an evaluation of credibility and demeanor.” Cain v. State, 958
S.W.2d 404, 408-09 (Tex. Crim. App. 1997). After viewing the evidence in the light
most favorable to the verdict, we find that a rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. King v. State, 29 S.W.3d
at 562. After a neutral review of all the evidence, both for and against the finding,
we do not find that the proof of appellant’s guilt is so obviously weak as to undermine
confidence in the jury’s determination, nor is it greatly outweighed by contrary proof. 
Id. at 563. Accordingly, we hold that the evidence was legally and factually sufficient
to support the jury’s finding that appellant engaged in delinquent conduct by
delivering a controlled substance. We overrule appellant’s first and second points of
error. 
Lesser-Included Offense Instruction
          Appellant next contends that the trial court erred when it denied appellant’s
request for a jury instruction that included the lesser-included offense of possession
of a controlled substance. The jury charge was reviewed by the court and both sides
after the State rested but before appellant presented his evidence. Appellant objected
to the charge because it did not contain the lesser-included offense of possession of
a controlled substance. The trial court, at the close of appellant’s evidence, overruled
appellant’s objection.
          A defendant is entitled to an instruction on a lesser-included offense where the
proof for the offense charged includes the proof necessary to establish the lesser-included offense and there is some evidence in the record that would permit a jury
rationally to find that, if the defendant is guilty, he is guilty only of the lesser-included offense. Forest v. State, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999). 
Anything more than a scintilla of evidence is sufficient to entitle a defendant to a
lesser charge. Id. In other words, the evidence must establish the lesser-included
offense as “a valid, rational alternative to the charged offense.” Id. Here, there is no
evidence that appellant possessed the cocaine that can be separated from the evidence
that he delivered it to either Gotch or Powell, who in turn delivered to Bufkin. Thus,
there is no evidence in the record that would permit a jury to have found that, if
appellant was guilty of anything, that he was guilty only of possession. We overrule
appellant’s third point of error. 
Co-Defendant Witness’s Clothing
          Next, appellant argues that the trial court erred when it denied appellant’s
motion for expenses to obtain clothing for his adult co-defendant witnesses, Gotch
and Powell. After the trial court denied his motion for expenses, appellant did not 
make a trial objection to the clothing worn by Gotch and Powell during their
testimony, which was described on the record as brown cotton pants and a “scrub”
shirt similar to uniforms worn by medical personnel. Thus, appellant has not
preserved this point of error for our review. Tex. R. App. P. 33.1.
          Even if the trial court erred in denying appellant’s motion for expenses,
appellant is unable to establish that the denial harmed him. None of the clothing
worn by Gotch or Powell was marked in any way, nor did the clothing contain any
marks to indicate that Gotch and Powell were incarcerated. Further, the jury was
informed during the testimony of both Gotch and Powell that they had been arrested
and incarcerated as a result of their respective roles in delivering cocaine to Bufkin.
Although it is a violation of the Fourteenth Amendment


 to compel an accused to
stand trial dressed in prison clothing, see, e.g., Randle v. State, 826 S.W.2d 943, 945
(Tex. Crim. App. 1992), this does not apply when a co-defendant or witness is
presented to the jury in prison clothing. In Groh v. State, we noted that “[no] Texas
court has found reversible error where a witness for the defense was presented to the
jury in jail clothes.” 725 S.W.2d 282, 284 (Tex. App.—Houston [1st Dist.] 1986, pet.
ref’d). We overrule appellant’s fourth point of error.
Witness’ Previous Statement
          Finally, appellant contends that the trial court erred when it admitted into
evidence the investigator’s notes that Gotch received before trial. 
          On appellate review, a trial court’s admission or exclusion of evidence is
subject to review under an abuse-of-discretion standard. Rachal v. State, 917 S.W.2d
799, 816 (Tex. Crim. App. 1996). If the trial court’s decision was within the bounds
of reasonable disagreement, we will not disturb its ruling. Id. Texas Rule of
Evidence 401 defines relevant evidence as “evidence having any tendency to make
the existence of any fact that is of consequence to the determination of the action
more probable or less probable than it would be without the evidence.” Tex. R. 
Evid. 401. 
          Appellant contends that the investigator’s notes were irrelevant and that the
trial court abused its discretion when it admitted the notes into evidence over
appellant’s objection.


 Appellant argues that, since Gotch testified that the version
of events contained in the investigator’s notes was untrue and denied using the notes
in preparing for her testimony, the notes were irrelevant to any “fact that of
consequence to the determination of the action.” Id. The notes, however, were
relevant to the credibility of Gotch and to the accuracy of her testimony. The notes
showed that Gotch had been contacted about her testimony by parties other than
counsel, and supported a possible inference by the jury that her testimony had been
coached by unknown parties. Further, Gotch revealed her own confusion by first
testifying to a version of the drug transaction very similar to that contained in the
investigator’s notes, then denying that the notes were accurate. This denial cast doubt
on Gotch’s own previous trial testimony. Thus, the notes were indeed relevant to a
key issue, the credibility of Gotch as a trial witness.


 We overrule appellant’s fifth
point of error.  Conclusion
          We affirm the judgment of the trial court.
 
                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Taft, Jennings, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).