Affirmed and Majority and Concurring Opinions filed November 23, 2005












Affirmed
and Majority and Concurring Opinions filed November 23, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00482-CR

____________

 

BRANT RAY BLANCHARD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County,
Texas

Trial Court Cause No. 955,512

 



 

M A J O R I T Y   O P I N I O N

Appellant, Brant Ray Blanchard, was convicted
following a jury trial of aggravated sexual assault of a child; he was
sentenced to twenty years= confinement and assessed a $10,000
fine.  See Tex. Pen. Code Ann. ' 22.021 (Vernon
2003).  In two related points of error,
appellant argues (1) he was denied the right to a fair trial when a juror
withheld information about a family member=s conviction for
indecency with a child, and (2) the trial court abused its discretion in
denying his request for a new trial.  We
affirm.








Prior to trial, the judge began voir dire by asking the
venire about the burden of proof and whether they could presume appellant=s innocence knowing he faced charges
of aggravated sexual assault of a child and indecency with a child.  Several members of the panel expressed
concern that personal experience might preclude them from being impartial.  The court briefly questioned these
individuals and then relinquished questioning to the parties.

The
State then proceeded with the following colloquy:

Like I said, these are tough cases and I know some of
you all raised your hand when the judge was talking to you about proof beyond a
reasonable doubt and mentioned your lives had been touched in one way or
another by sexual assault or some type of sexual-related offense with children.

If I could, I would like to go row by row again with
who that was again.  Basically what I=m looking for is either you, close friend or family
member who was either a victim of sexual assault or indecency by contact to
the point where you don=t think you could be fair to the [appellant] or it would in some way
inhibit your judgment, ability to sit in judgment of this trial or on the other
side of this case, perhaps you have someone you know that is close to you
who has been falsely accused of it.  You
may believe that.

Obviously these types of cases are very personal and
sometimes if we have a relative charged with something like that, we don=t like to admit it to ourselves.  And we, henceforth, think that they=ve been charged wrongly.  But if you had one of those two type
situations happen to you, I=d like to know about it.

(emphasis added).  Several jury
panelists responded and were asked relevant follow-up questions.  The panel member who was later seated as juror
eleven did not respond.

After the State concluded, defense
counsel questioned the panel about the presumption of innocence and then began
asking specific questions of individual venire members:

[To one panelist] . . . [D]o
you have any experiences in your own life that you feel would make you less
than an unbiased juror in a case like this?

 . . . . 









You
remember when [the prosecutor] . . . was talking about people being accused or
you might have family members that are accused and I think the words he used
were something to the effect of because they=re a
family member, we don=t want to accept they=re
accused; so, we might always deny it, leaving me to believe he was referring to
a situation where your family member is accused, but they=re guilty, but you won=t accept
that.  Can you accept the proposition
that people can be falsely accused of sexual assault of a child?

 . . . . 


Anybody on the
first row that would feel that because of the nature of the type of offense
that they would think it=s just -- it=s not a
type of offense where somebody can be falsely accused? Anybody on the first
row?

The record does not indicate which,
if any, panel members responded. 
Regardless, counsel immediately returned to questioning individual
jurors about punishment and other related topics.  At the close of voir dire, both sides
exercised their challenges for cause and peremptory strikes.  Neither side challenged juror eleven.  

After the trial concluded, juror eleven indicated to the
judge and attorneys that a family member had been convicted of indecency with a
child, and that he believed it was important to convict people in these types
of cases.  Based on this disclosure, appellant
timely filed a motion for new trial on June 14, 2004[1].  Three days later, appellant filed a Acorrected@ motion for new
trial[2].  At the July 15, 2004 hearing on the motion
for new trial, counsel for the State and appellant agreed that the hearing
would proceed on the correctedCnot the originalCmotion.  At the close of the hearing, the judge orally
denied appellant=s corrected motion for new trial.  No written order was ever entered on the
original or corrected motions. 








Appellant complains of juror eleven=s failure during
voir dire to disclose his wife=s uncle=s conviction of
indecency with a child.  Appellant claims
he was harmed because he was denied the opportunity to challenge this juror for
cause or to use a peremptory strike to remove him from the venire.  He argues this juror=s silence vitiated
his right to a fair trial.  Accordingly,
appellant concludes he was entitled to a new trial and claims the trial court
abused its discretion in denying his request for a new trial.

A trial court=s decision to deny
a motion for new trial is reviewed for an abuse of discretion.  Charles v. State, 146 S.W.3d 204, 208
(Tex. Crim. App. 2004); Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App.
1995); Brasher v. State, 139 S.W.3d 369, 373 (Tex. App.CSan Antonio 2004, pet.  ref=d).  With respect to oral questions asked during
voir dire, error occurs when a prejudiced or biased juror is selected through
no fault of or lack of diligence on the part of defense counsel.  Gonzales v. State, 3 S.W.3d 915, 916
(Tex. Crim. App. 1999); Brasher, 139 S.W.3d at 373.  A new trial is not warranted if the error did
not result in harm.  Gonzales, 3
S.W.3d at 917 n.2.  It is not the mere
failure to disclose information that warrants a new trial; rather, it is the
chance that a biased individual came to serve through silence or deception that
the law seeks to ameliorate.  Ford v. State, 129 S.W.3d 541, 547 (Tex. App.CDallas 2003, pet. ref=d); Santacruz v. State, 963 S.W.2d 194,
197 (Tex. App.CAmarillo 1998, pet. ref=d).








The voir dire process is designed to ensure that an
intelligent, alert, disinterested, impartial, and truthful jury will perform
the duties it is assigned.  Armstrong
v. State, 897 S.W.2d 361, 363 (Tex. Crim. App. 1995); Ford, 129
S.W.3d at 547.  A juror who withholds
material information during voir dire denies counsel the opportunity to
exercise their challenges, thus hampering the selection of a disinterested and
impartial jury.  Franklin v. State, 12
S.W.3d 473, 477B78 (Tex. Crim. App. 2000); Salazar v. State, 562
S.W.2d 480, 482 (Tex. Crim. App. [Panel Op.] 1978).  However, defense counsel must diligently ask questions
calculated to bring out information revealing a juror=s inability to be impartial.  Armstrong, 897 S.W.2d at 363B64. 
These questions must be specificCcounsel cannot rely on broad
questions to satisfy this obligation.  Gonzales,
3 S.W.3d at 917; Brasher, 139 S.W.3d at 374.  Unless the attorney poses specific questions to the venire,
any material information a juror fails to disclose is not Awithheld,@ and does not constitute misconduct.  Jones v. State, 596 S.W.2d 134, 137 (Tex. Crim. App. 1980), overruled on
other grounds, Sneed v. State, 670 S.W.2d 262, 266 (Tex. Crim. App. 1984); Armstrong, 897 S.W.2d at
364; Cuellar v. State, 943 S.W.2d 487, 491 (Tex. App.CCorpus Christi
1996, pet. ref=d).

After reviewing the record, we find defense counsel did not
ask the questions needed to elicit the conviction of juror eleven=s family member.  On voir dire, defense counsel asked a broad question
to a particular jury panel member: ACan you accept the proposition that
people can be falsely accused of sexual assault of a child?@ 
Counsel then questioned whether any potential jurors Awould feel that because of the nature
of the type of offense that they would think it=s just -- it=s not a type of offense where
somebody can be falsely accused?@ 
Neither of these questions asked jurors to disclose whether family
members had convictions for sexual assault of a child or similar crimes.  Thus, no information was withheld that could
constitute juror misconduct.  See
Armstrong, 897 S.W.2d at 364 n.2 (finding no juror misconduct where defense
counsel did not ask the questions necessary to bring out information regarding
a juror=s relationship with the county
attorney); see also Gonzales, 3 S.W.3d at 918 (Ano questions were asked to determine
whether prospective jurors who had not returned juror questionnaires had been
involved in criminal cases@); Brasher, 139 S.W.3d at 374 (ANothing in the record indicates [the
juror] would have withheld information . . . had counsel met his obligation to
ask specific follow-up questions.@).








Appellant correctly argues that he was entitled to rely on
venire answers and discussions during State questioning.  Armstrong, 987 S.W.2d at 364 n.1.  Appellant complains juror eleven should have
responded to the State=s question about family members accused of sexual assault of
a child.  However, the prosecutor did not
ask the jury panel whether anyone had a family member with a conviction for
sexual assault of a child.  The State=s attorney specifically asked jurors
whether Ayou, close friend or family member
[were] either a victim of sexual assault or indecency by contact to the
point where you don=t think you could be fair to
[appellant] or it would in some way inhibit your judgment .@ (Emphasis added).  The juror=s silence in response to this
question does not show that he withheld material information.  Similarly, the mere fact that other members of
the venire chose to offer extraneous or unsolicited information at this time
does not burden every venire member to do the same when counsel has not
specifically requested such information. 
See Armstrong, 897 S.W.2d at 364 n.2 (explaining that the venire
member=s role is to answer the questions
asked, not to attempt to divine the intent of the questioner).

Testimony at the motion for new trial
hearing also shows that juror eleven did not withhold information.  The State suggests, however, that no evidence
from this hearing may be considered on appeal. 
The State argues that the district court lacked jurisdiction to hear the
corrected motion for new trial so thatCalthough appellant
timely filed an original motion for new trialCthe court had no
power to hear the untimely corrected version. 


The Texas Rules of Appellate Procedure
require a party to file
all original or amended motions for new trial within thirty days after sentence is imposed
by the court.  Tex. R. App. P. 21.4(a), (b); see also Oldham v. State,
977 S.W.2d 354, 361 (Tex. Crim. App. 1998) (explaining that procedural
provisions governing motions for new trial in a criminal case must be strictly
complied with for the trial court to consider the motion).  When an original or amended motion for new
trial is filed after the statutory deadline, the trial court has no
jurisdiction to consider the motion or to hold a hearing on the motion.  Beathard v. State, 767 S.W.2d 423, 433
(Tex. Crim. App. 1989).  Moreover, untimely
motions for new trial, and any evidence supporting those motions, cannot form
the basis for points of error on appeal. 
See
Heckathorne v. State,
697 S.W.2d 8, 10 (Tex. App.CHouston [14th Dist.] 1985, writ ref=d) (explaining that evidence in
support of an untimely amended motion for new trial may not be considered part
of the record on appeal); see also Prudhomme v. State, 47 S.W.3d 683,
688 (Tex. App.CTexarkana 2001, pet.  ref=d) (refusing to consider the record
from a new trial hearing because appellant=s motion was untimely filed); Groh
v. State, 725 S.W.2d 282, 285 (Tex. App.CHouston [1st Dist.] 1986, writ ref=d) (AAs appellant=s amended motion for new trial was
untimely filed, we may not consider the testimony given at the hearing on that
motion.@). 









As appellant=s corrected motion
for new trial was filed after the statutory deadline, the trial court had no
power to hear or rule on the corrected motion.  Tex.
R. App. P. 21.4(b); see also State v. Lewis, 151 S.W.3d
213, 218 (Tex. App.CTyler 2004, pet. ref=d) (stating no
amendment of the motion for new trial may be made after thirty days following
imposition of sentence, even with leave of court).  Appellant, however, had already filed a
timely motion for new trial.  This motion
empowered the court to hear any issues it raised.  See Tex.
R. App. P. 21.4(a).  The motion hearing was held within
seventy-five days of sentencing, and the hearing dealt only with issues raised
in the original motion.  The fact that
the motion was later deemed denied under law does not make the hearing or the
evidence presented within it invalid for appellate purposes.  See Jaenicke v. State, 109 S.W.3d 793,
797 n.4 (Tex. App.CHouston [1st Dist.] 2003, pet.  ref=d) (explaining evidence from hearing
on timely filed motion for new trial may be heard on appeal despite motion
being overruled by operation of law).  Similarly,
jurisdiction is not removed by the late filing of an amended motion for new
trialCthe court simply
has no power to hear any new issues it contains.  See Lewis, 151 S.W.3d at 219
(explaining that a late amended motion for new trial cannot vest the trial
court with jurisdiction over the issues included in the amended motion).  Neither the fact that the attorneys agreed to
hold the hearing Aon the corrected motion@ nor the judge=s oral denial of
the corrected motion changes this result. 
As the State points out in its brief, because no written ruling was ever
made, appellant=s timely June 14th motion was deemed
denied by operation of law.  Tex. R. App. P. 21.8(c).  As the trial court had jurisdiction to hear
the timely motion for new trial, this Court may consider evidence from the
motion hearing on appeal.








Juror eleven testified in the new trial hearing that he did
not respond to the State=s question because he believed he could make a fair judgment
based on the evidence.  He also explained
that his answer would be Ano,@ that his relative=s conviction would not inhibit his
judgment or influence his fairness to appellant. 
He further testified that he was part of the same jury who acquitted
appellant of indecency with a child, and that he maintained throughout
deliberations that punishment should be assessed at twenty years= confinement
(despite other jurors wanting
to sentence appellant to ninety-nine years). 
The trial court considered this testimony and was entitled to be
the sole judge of juror eleven=s credibility.  Lewis,
911 S.W.2d at 7.  More importantly, A[w]here there is conflicting evidence
on an issue of fact as to jury misconduct, the trial judge determines the issue
and there is no abuse of discretion in overruling the motion for new trial.@ Thomas v. State, 699 S.W.2d
845, 854 (Tex. Crim. App. 1985) (emphasis added); see also Beck v.
State, 573 S.W.2d 786, 791 (Tex. 
Crim.  App. 1978) (noting that, at
a motion for new trial hearing, the trial judge has Athe right to
accept or reject any part of@ a witness= testimony); Ford,
129 S.W.3d at 547
(holding that Awhere there is conflicting evidence
on an issue of fact as to jury misconduct, the trial judge determines the issue@).

Finding no error, we need not address whether appellant was
harmed by the juror=s silence. 
Accordingly, the trial court did not abuse its discretion in declining
appellant=s request for a new trial.  The judgment of the trial court is affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Majority and Concurring Opinions filed November 23, 2005.

Panel
consists of Justices Hudson, Edelman, and Seymore.  (Seymore, J., concurring).

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Sentence was
imposed on May 14, 2004. The thirty-day deadline fell on Sunday, June 13, 2004;
the motion was timely filed on Monday, June 14th.  Dugard v. State, 688 S.W.2d 524, 529 (Tex. Crim.
App. 1985), overruled on other grounds, Williams v. State, 780 S.W.2d
802, 803 (Tex. Crim. App. 1989) (holding motion for new trial was timely filed
on the Monday following the thirtieth day after sentence was imposed).





[2]  Appellant
filed a Acorrected@ motion
for new trial after the statutory deadline. The corrected motion did not add or
change any substantive argument. Rather, it was a verbatim copy of the original
with only one sentence changed. The change concerned the necessity of a hearing
when a proper affidavit is attached to the motion. AProsecutorial misconduct@ was
changed to Ajury misconduct,@ and an
incomplete sentence was finished. This was not a change of argumentCit was a misstatement of the law, as the case to which
the changed sentence cited dealt with juror misconduct, not prosecutorial
misconduct. While the corrected motion may have clarified this legal point, it
did not alter the trial court=s jurisdiction over the timely motion for new trial
and the issues it raised; nor did it attempt to bring new issues before the
court.